IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER D. RAGER, | ) |
| Plaintiff, | ) |
| VS. | ) |
| KYLE DUKES, Individually and in his official capacity as Sheriff of Kosciusko County, and the KOSCIUSKO COUNTY SHERIFF'S DEPT., | ) Cause No. 3:20-cv-43 |
| Defendants. | ) |

## **COMPLAINT**

Plaintiff Christopher D. Rager respectfully makes his Complaint for Damages and avers as follows:

### **Nature of Case**

1. This lawsuit seeks redress from an elected official who retaliated against him for engaging protected political activity.

### **Jurisdiction**

2. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress Defendants' violations of his rights under the First Amendment of the U.S. Constitution.  This Court has original subject matter jurisdiction of the federal questions presented pursuant to 28 U.S.C. § 1333 and § 1343.

3. Venue is proper in the South Bend Division because the parties reside in this division and the events complained of occurred in this division.

4. The Court has supplemental jurisdiction over the pendant state-law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same events as the federal claims.

5. Plaintiff timely served a Tort Claim Notice on Defendants on June 21, 2019.

**Parties**

6. Christopher D. Rager is an adult citizen of the United States who resides in Kosciusko County, Indiana.

7. The Kosciusko County Sheriff's Department is a government unit located in Kosciusko County, Indiana.

8. Kyle Dukes is an adult citizen of the United States who resides in Kosciusko County, Indiana. He is sued in both his individual and official capacities.

**Factual Allegations**

9. Christopher D. Rager ("Rager") was employed as a deputy of the Kosciusko County Sheriff's Department (the "Department") from January 2000 to August 2019.

10. Rager sought the Republican nomination for Sheriff of Kosciusko County Sheriff in 2018. He was defeated by Kyle Dukes ("Dukes"), who won the Republican nomination and went on to win the general election.

11. Rager remained employed at the Department after his unsuccessful bid to become Sheriff.

12. Dukes was sworn in as the Kosciusko County Sheriff on January 1, 2019.

13. After taking office Dukes reassigned many deputies, and declined to place Rager in any position he requested, instead promoting individuals less experienced than Rager.

14. Dukes suspended Rager on May 3, 2019 for ten days with pay pending an investigation for poor job performance, and an additional fourteen days without pay upon completion of the investigation.

15. Rager did not receive notice of any disciplinary charges against him, as required by Ind. Code § 36-8-10-11(a).

16. After conducting an internal investigation, Dukes concluded that Rager had violated various Department policies, most of which concerned failing to timely submit reports or other paperwork.

17. As a result of the investigation, Dukes extended Rager's suspension, for an additional fourteen days without pay.

18. The combined suspension of 24 days exceeded the maximum permitted by Ind. Code § 36-8-10-11(b) without a hearing before the Merit Board.

19. Prior to the installation of Dukes as Sheriff, Rager worked for the Department for almost 20 years, receiving positive performance evaluations and without ever having been suspended for misconduct.

20. The violations of which Rager was accused were commonplace in the Department, usually overlooked or mildly reprimanded by supervisors, and not grounds for lengthy suspension.

21. After the suspension Dukes informed a local online newspaper, the Ink Free News, that one of the grounds for the suspension was Rager's untimely filing of a

workman's comp claim for an on-duty back injury. In so doing, Dukes revealed Rager's personal medical information to the newspaper.

22. Because Dukes' unwarranted disciplinary actions made it impossible for Rager to function as an employee of the Department, he resigned in August 2019.

23. At all relevant times Dukes acted in the scope of his employment by Kosciusko County and under color of Indiana law.

24. The discipline that Dukes imposed on him was motivated to destroy Rager's reputation as a law enforcement officer to punish him for challenging him in the election for Sheriff, and neutralize him as a rival in a future election.

### Legal Claims

25. Dukes imposed unwarranted discipline on Rager in retaliation for political activity protected by the First Amendment.

26. Dukes constructively discharged Rager by making it impossible for him to function as a police officer.

27. Dukes negligently violated Ragers' rights under the Health Insurance Portability and Accountability Act (HIPAA).

28. Kosciusko County is liable under the principal of *respondeat superior* for the acts and omissions of Dukes.

## Relief

29. Plaintiff seeks all relief allowable by law, including compensatory and punitive damages, costs, and attorneys fees.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants and for all other appropriate relief.

Respectfully submitted,

/s/ Jeffrey S. McQuary, 16791-49
TOMPKINS LAW
608 E. Market Street
Indianapolis, IN 46202
317/631-6866
jmcquary@tlawindy.com

Attorney for Plaintiff